IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANET L. GLUBISH,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 18-1305
ANDREW M. SAUL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No.14) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing on April 5, 2017. (ECF No. 7-3). Plaintiff was represented at the hearing. *Id.* On August 1, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 16-36).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

1

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 14 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Duty to Develop</u>

Plaintiff first argues that the ALJ failed to adequately develop the record by not ordering a consultative IQ examination. (ECF No. 15, pp. 8-11). After a review of the record, I disagree.

The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §§404.1512(a-c), 416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d). Usually, the issue of whether an ALJ had developed the

record fully arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here.

In this case, Plaintiff's counsel specifically requested the ALJ order a consultative examination to include IQ testing. The ALJ denied the request. (ECF No. 7-2, pp. 16-17). In her decision, the ALJ addressed the reasons why she denied the request.

> The claimant's educational records reveal that she was enrolled in regular educational classes (Exhibit B18E). The claimant reported to her treating psychiatrist that she quit school due to cannabis use and truancy. She stated that she was a good kid and had A's in most subjects except math and social studies. She stated that he (sic) had special education in math but was not considered slow (Exhibit B22F-9). The medical evidence does not indicate that the claimant has any significant cognitive limitations. The consultative psychological examiner indicated that the claimant was competent to manage her own finances and had no limitations in understanding, remembering, and carrying out simple instructions (Exhibit B14F-5). Throughout the treatment record, the claimant was able to provide highly detailed history (Exhibit B19F-2). The "B" criteria analysis below also supports the finding that IQ testing would not materially affect the decision herein. The claimant has no more than moderate limitations in any of the "B" criteria and has mild limitations in understanding, remembering, or applying information. According to Hallex I-2-5-20, an Administrative Law Judge may request a consultative examination or tests when there is inadequate evidence to make a determination. The claimant has undergone multiple mental status evaluations. There are no findings within the medical evidence that support severe cognitive limitations; the claimant's activities of daily living are not consistent with severe cognitive limitations; and the opinion evidence supports a finding that the claimant is capable of completing unskilled work. Therefore, it is found that there is sufficient medical evidence for which the undersigned may make a determination. Claimant's request for IQ testing is denied.

*Id.*

Plaintiff suggests there are errors in the ALJ's rationale. (ECF No. 15, pp. 9-11). For example, Plaintiff states that the consultative examiner noted that Plaintiff's cognitive functioning was "probably borderline." *Id.* at p. 9. While this may be true, that same consultative examiner indicated that Plaintiff was competent to manage her own finances and had no limitations in understanding, remembering, and carrying out simple instructions. (ECF No. 7-14, pp. 36-44). Therefore, despite any impairment of cognitive ability, the resulting functional limitation remained

4

that she had no limitations in understanding, remembering, and carrying out simple instructions. *Id.* Thus, I find no merit to this allegation.

Plaintiff also suggests, contrary to the ALJ's assertion that she was enrolled in regular education classes (ECF No. 7-2, p. 16), the educational records do not indicate one way or the other as to whether Plaintiff was in regular or special educational classes. (ECF No. 15, p. 9). The educational records indicate the specific classes taken and if there was a change from the standard class taken, a notation was made. (ECF No. 7-9, pp. 43-45). For example, in 9th grade, Plaintiff did not just take social studies, but specifically took "CONS. GOVT," as was indicated by hand notation. *Id.* at p. 43. Thus, it is logical to assume if Plaintiff had taken special education classes it would have been noted on Plaintiff's school records. I find the ALJ's assertion that Plaintiff was enrolled in regular educational classes to be supported by substantial evidence. Therefore, I find no merit to this suggestion.

Plaintiff further argues that the ALJ erred in finding that her activities of daily living are not consistent with severe cognitive limitations. (ECF No. 15, p. 10). In support of the same, Plaintiff submits that there is evidence that her cognitive limitations were severe. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Regardless, after a review of the record, I find there is substantial evidence to support the ALJ's assertion that her activities of daily living are not consistent with severe cognitive limitations.

Plaintiff next indicates that she did not get As in most subject as the ALJ stated she testified. (ECF No. 15, pp. 9-10). A review of the record reveals that this is true. (ECF No. 7-9, pp. 43-45). In fact, between 7th-9th grades, Plaintiff did not get any final As or Bs. *Id.* She achieved final grades of Cs, Ds, Fs and Unsatisfactory (with one Satisfactory). *Id.* This error, alone, however, does not necessitate remand. As set forth above, the ALJ set forth various reasons for finding that a consultative examination with IQ testing was not necessary. (ECF No. 7-2, pp. 16-17).

Based on my review of the record, I find there was sufficient evidence of record for the ALJ to make a determination of disability as to Plaintiff's cognitive functioning without ordering a consultative examination which included an IQ test. *See,* ECF No. 7-2, pp. 16-36. Therefore, I find the ALJ did not have a duty to develop the record further. I further find there is sufficient evidence such that I am able to make a proper determination. Upon review, I find that there is substantial evidence to support the ALJ's decision. *Id*. Consequently, remand on this basis is not warranted.

      **C.**    **Weighing of Treating Physician's Opinion**

Plaintiff next argues that the ALJ erred by improperly disregarding the medical opinions of Plaintiff's treating and examining physicians. (ECF No. 15, pp. 11-14). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique

6

perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

With regard to both examining physicians, Plaintiff argues that the ALJ improperly rejected their opinions. (ECF No. 15, pp. 11-13). In support of the same, Plaintiff submits that there is evidence to support their opinions. *Id.* To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Additionally, Plaintiff argues that the ALJ made an improper assumption about her psychiatrist's response to a question on absenteeism. (ECF No. 15, p. 13). When asked about how many days per month Plaintiff would miss work due to her illness or medical condition, Dr. Channamalappa responded "cannot comment, depends on her symptoms." (ECF No. 7-19, p. 55). In her decision, the ALJ noted that Dr. Channamalappa would not comment on absenteeism and suggested that "[t]his could be contributed to the short treatment relationship with the claimant." (ECF No. 7-2, p, 33). Plaintiff takes issue with this assumption because Dr. Channamalappa stated it depended on her symptoms and had nothing to do with the treatment relationship. (ECF No. 15, p. 12). Regardless of the ALJ's comment about why Dr.

8

Channamalappa did not comment on absenteeism, the fact remains that Dr. Channamalappa did not issue an opinion on absenteeism. Therefore, even if the ALJ made a speculative assumption, it was harmless, as it did not relate to Dr. Channamalappa's opinions. Consequently, remand is not warranted on this basis.

### D. Residual Functional Capacity ("RFC") [2]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 15, pp. 14-17). To that end, Plaintiff specifically argues that there is substantial evidence to support her position that she is not able to perform the work set forth in the ALJ's RFC finding. *Id.* Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced.

Plaintiff seem to suggest again in this section that the ALJ should have weighed the opinion evidence differently as it relates to Dr. Hahalyak and Dr. Tailor. (ECF No. 15, pp. 15-16). The ALJ gave great weight to the opinion of her treating physician, Dr. Hahalyak, and partial weight to the opinion of Dr. Tailor, a consultative internal medical examiner. (ECF No. 7-2, p. 31). I have reviewed the evidence of record and, based on the same, I find there is substantial evidence to support the weight given by the ALJ to the opinions of Dr. Hahalyak and Tailor. (ECF No. 7-2, pp. 16-36). I further find that the RFC determination is supported by substantial evidence. *Id.* Consequently, remand is not warranted on this basis.

### E. Subjective Complaints of Pain

Plaintiff argues in this section that the ALJ erred by failing to "show any rational basis for

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

9

discounting Plaintiff's testimony" related to her subjective complaints of pain. (ECF No. 15, pp. 17-18).    In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.    Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.   20 C.F.R. §§404.1529(c), 416.929(c).   The ALJ will look at inconsistencies between the claimant's statements and the evidence presented. *Id.*  I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff's entire argument in this regard is one sentence that states "the overwhelming evidence supports the conclusion that Plaintiff has had severe pain and that the complaints by Plaintiff were entitled to great weight."   (ECF No. 15, p. 18). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, the support for Plaintiff's argument is completely misplaced.   Nonetheless, after a review of the record, I find that the ALJ followed the proper method in accessing Plaintiff's complaints of pain.

As laid out in her decision, the ALJ considered and weighed the appropriate factors. (ECF No. 7-2, pp. 24-34). For example, the ALJ compared the medical evidence and other evidence of record to her complaints and found them to be contradictory. *Id.* Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff's statements are not entirely consistent with the overall record. *Id.* Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

   **F.   Vocational Expert**

Finally, Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 15, pp. 18-19). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 16-36; No. 7-3, pp. 44-59). Consequently, I find no error in this regard.

   An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANET L. GLUBISH,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　-vs-　　　　　　　　　　　　　　　　　)　　　Civil Action No.　18-1305
　　　　　　　　　　　　　　　　　　　　)
ANDREW M. SAUL,[3]　　　　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　　　 )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 20th day of February, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　s/  Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[3] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.